**Perfection Pulverizing Mills, Plaintiff in Error, v. George E. Keiser, Defendant in Error.**

**Gen. No. 21,504.    (Not to be reported in full.)**

Error to the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed February 7, 1917. Rehearing denied February 26, 1917.

### Statement of the Case.

Action by Perfection Pulverizing Mills, a corporation, plaintiff, against George E. Keiser, defendant, to recover $113.51 for work done, to which defendant claimed a set-off for $681.13 for loss of his goods by fire while in plaintiff's possession. From a judgment for defendant for $495.95, plaintiff brings error.

The defendant delivered to the plaintiff fifty barrels of sugar to be ground in plaintiff's mill into powdered sugar under an oral contract. The defendant claimed

the sugar was to remain in the original packages in the mill until ordered by him to be ground. The plaintiff, without having such special order, removed the contents of forty-four or more of the packages and dumped them into its hoppers, bins and other parts of its machinery for the purpose of grinding them. That night a fire, not claimed to have been caused by plaintiff's negligence, destroyed all but six barrels of the sugar.

WEBSTER & NICHOLSON, for plaintiff in error; DANIEL WEBSTER and ARTHUR A. SHERRARD, of counsel.

JONES, ADDINGTON, AMES & SEIBOLD, for defendant in error; KEENE H. ADDINGTON and WALTER HAMILTON, of counsel.

MR. JUSTICE TAYLOR delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 387*—*when evidence sufficient to show that sugar was to be taken out of original packages for grinding only on order of owner.* In an action to recover for grinding of sugar to which defendant claimed a set-off for sugar lost by fire, evidence *held* sufficient to sustain a finding that the contract for the grinding of defendant's sugar by plaintiff required that the plaintiff should not take the sugar out of the original packages for grinding after the packages had been delivered to plaintiff's mill until defendant had given an order so to do.

2. SET-OFF AND RECOUPMENT, § 10*—*when unliquidated damages may be set off.* Damages for a breach of the same contract sued on may be set off, although unliquidated.

3. CONTRACTS, § 297*—*when demand is unnecessary as basis for recovery for loss of sugar destroyed by fire.* Demand before bringing an action to recover for the loss of sugar destroyed by fire and due to a breach of contract in grinding it without author-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ity for the return of such sugar, would be a useless act and is unnecessary.

4. SET-OFF AND RECOUPMENT, § 13*—*when undisclosed agent may claim set-off available to principal.* An undisclosed agent sued upon a contract made by him with reference to his principal's business has as much right to claim set-off in such action as his principal.

5. JUDGMENT, § 475*—*when judgment on set-off by agent is res adjudicata as to principal.* Recovery on set-off made by an undisclosed agent when sued for a debt of the principal is *res adjudicata* as to both him and his principal.

6. APPEAL AND ERROR, § 1256*—*when party may not complain of instruction.* A party cannot complain of an alleged erroneous instruction which is favorable to him.